## Northwood, Appellant, *v.* Byers-Tosh Social Club.

Argued March 14, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Henry E. Shaw,* with him *Scales and Shaw,* for appellants.

*Henry B. Waltz, Jr.,* with him *James L. McWherter,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 24, 1962:

Ten members of the Byers-Tosh Social Club, a nonprofit corporation, brought an action in equity against the club to restrain it from selling a portion of its real estate because the resolution authorizing the sale was not validly adopted.

This appeal was taken from the final decree which dismissed Plaintiffs' Bill. The facts are not in dispute and the issue is solely a question of law.

The defendant is a social club with 382 voting members. A special meeting was called, upon proper notice, to vote upon a motion to sell a portion of its real estate. 93 members attended the meeting and 91 of them voted upon the motion. 52 members voted "Aye" and 39 members voted "Nay". The appellants contend that a majority *of all of the members* of the club, i.e., 192 are required to pass the motion.

The pertinent provision of the Nonprofit Corporation Law of May 5, 1933, P.L. 289, is Section 308 (15 PS §2851-308). Prior to 1951, it read ". . . a nonprofit corporation shall not . . . sell . . . any real estate, unless and until a resolution authorizing the same shall have been approved by a majority of the members of the corporation at a regular or special meeting, duly convened upon proper notice of this purpose."

The Act of August 17, 1951, P.L. 1287, amended Section 308 by inserting the clause "who are present in person or by proxy and entitled to vote thereon." Section 308 as amended reads ". . . a nonprofit corporation shall not . . . sell . . . any real estate, unless and until a resolution authorizing the same shall have

been approved by a majority of the members of the corporation, *who are present in person or by proxy and entitled to vote thereon,* at a regular or special meeting, duly convened upon proper notice of this purpose."

The question involved, while interesting, is not novel. It was thoroughly discussed nearly a hundred years ago in *Craig v. First Presbyterian Church,* 88 Pa. 42 (1879) under the provisions of the Act of April 18, 1877,[*] which permitted the removal of the remains of the dead from burial grounds, "Provided, That no such application shall be made ... except in pursuance of the wishes of a majority of the members of such society or church, expressed at a church election held for that purpose after two weeks' public notice." The Court in a well reasoned opinion by Mr. Justice PAXSON held that this meant a majority of those who were *present and voted* at the duly convened meeting,[**] and not a majority of all the members of the Church.

The Courts have consistently adopted this interpretation ever since 1878 unless the pertinent statute or charter provided otherwise. *Schlichter v. Keiter,* 156 Pa. 119, 27 A. 45. See also to the same effect *Stryjewski v. Panfil,* 269 Pa. 568, 112 A. 764; *Munce v. O'Hara,* 340 Pa. 209, 16 A. 2d 532; *Heuchert v. State Harness Racing Commission,* 403 Pa. 440, 170 A. 2d 332.

The language of Section 308, as amended, is clear as crystal. It authorizes the sale of real estate pursuant to a resolution authorizing the same which is approved—not by a majority of the entire membership but—by a majority of the members of the corporation *who are present in person or by proxy.* This

---

[*] P.L. 54.

[**] The Court also held that voting by proxy was not a common law right and that in the absence of charter or statutory authority there was no right to vote by proxy.

interpretation is fortified, although no fortification be needed, by the prior decisions of this Court hereinabove cited.

We have considered other provisions in the Nonprofit Corporation Law which appellant has called to our attention, as well as other decisions cited and contentions made by them, but find nothing to cause us to reach a different result.

Decree affirmed; costs to be paid by appellants.